### HARDWICK versus ROBINSON & WIFE.

Where A paid to B a sum of money to be vested in personal property for the use of B's child, and B, instead of purchasing property, set apart a portion of his own, with the consent and approbation of A; B considered as the Trustee of his child, and the possession deemed good, so as to vest in the child a title against either A or B's subsequent acts.

This was an action of trover, in Blount Circuit Court, to recover the value of a slave, brought by Robinson & wife, against Mary Hardwick, the wife of George Hardwick, deceased. Nancy Barron, the sister of Hardwick, had deposited with him five hundred dollars, to be placed at interest; or to purchase a negro, for the use of his daughter Kesiah, now the wife of Cornelius Robinson. Afterwards, on Hardwick saying that he had no money with which to effect the purposes of the trust, it was agreed that a slave named Peggy, now in contest, should, in consideration of the money received by him, be given to his daughter. Hardwick, in pursuance of his agreement, made a formal delivery of the slave to his daughter, and held her in possession twelve or fifteen years, and until he died. Mary Hardwick retaining the possession of the slave, the present action was brought for her recovery. On the above facts, the Court charged the jury, that if they believed Nancy Barron paid to Hardwick a valuable consideration for the slave, for the use of the plaintiff's wife, that the purchase vested the right of possession in her, and that the right of property followed the purchase. On this charge of the Court, there was a verdict for the plaintiffs, and the same being excepted to, was assigned as error.

SAFFOLD, J.—This action was trover, brought in the Circuit Court, by the defendants, in error, against the present plaintiff, to recover the value of a negro woman and her child, in which plaintiff effected a recovery ; to reverse which this writ of error is prosecuted.

The exceptions to the sufficiency or legality of the recovery arise out of exceptions taken on the trial. From these, it appears that Nancy Barron, the sister of George Hardwick, loaned or deposited with him five hundred dollars, to be placed at interest for the use of his daughter Keziah, (who afterwards became the wife of Robinson, and is now his co-defendant in error,) or to purchase a negro for her : that in a subsequent conversation between said Nancy and George, the latter said he had not the money to place at interest, or to buy a negro, but he had one named Peggy, (now in contest,) which, if she would answer the purpose, he would give to said Keziah. George Hardwick was the husband of Mary ; he retained the possession of the negro twelve or fifteen years, until his death ; having, however, pursuant to the agreement with his sister, and soon thereafter, delivered the negro to his daughter Keziah.

This being all the testimony, the Court charged the jury, that if they believed Nancy Barron paid the deceased, (under whom the defendant claimed not as purchaser or creditor,) a valuable consideration for the negro, for the use of the plaintiff's wife, that the purchase vested the right of possession in the plaintiff, and the right of property followed the purchase.

This charge is assigned as a ground of error.

The fact of delivery of the property, was admitted

to have been proved, as expressed in the bill of exceptions. The statute of limitations was not pleaded. Nor does it appear but that the deceased retained the negro, subsequent to the agreement, virtually as trustee of his daughter; and if that were material, it is fair to presume she was a minor, and continued to reside with him during all or most of the time till his death. Hence there was no error in the instructions referred to.

It is further assigned for error, that the Court refused to permit the plaintiff in error, to prove the last will and testament of the deceased Hardwick, under which she claimed the negro.

The deceased having divested himself of the title by agreement, for a valuable consideration, and fully consummated, had no power afterwards to impair this right by bequest, or other declaration of his own. Admitting that the rule might be different in favor of creditors or subsequent purchasers, in this case, it is shewn, that no such right was claimed; consequently there was no error in the rejection of the will offered as evidence.

That the Court refused to permit the plaintiff in error to read as evidence the last will and testament of Nancy Barron, is also assigned as a cause of error.

The will offered, purports to have been executed and proven in the State of Georgia, and a transcript thereof was relied on as the evidence. It is unimportant to the determination of this case, whether the will and probate were legally authenticated or not: nor does this point appear to have been particularly contested. The only material question was, had Nancy Barron consummated the donation by agree-

ment with the deceased Hardwick, for the benefit of his daughter. If she had not, the defendants in error had no right of recovery. If she had, the property having been delivered, and remaining out of her possession she had no power to retract the gift, but it should have been viewed as a right vested and beyond her control. Nor is any thing shewn respecting the contents of either of the wills, from which it might appear that they would have been material, independent of the objection stated. Under this view of the case we are of opinion, that there is no error in the record, and that the judgment must be affirmed.